LAW OFFICES OF ROBERT F. BRENNAN APC
Robert F. Brennan, Esq. [S.B. #132449]
3150 Montrose Ave.
La Crescenta, Ca. 91214

[818] 249-5291
FAX [818] 249-4329

Attorney for: Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCES CAMPBELL, an Individual;<br><br>    Plaintiff,<br><br>    vs.<br><br>ANNIEMAC HOME MORTGAGE, a business entity, form unknown; and DOES 1-10, Inclusive,<br><br>    Defendants. | Case No.: 2:16-cv-8795<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:<br><br>1. INVASION OF PRIVACY;<br>2. UNFAIR AND DECEPTIVE BUSINESS PRACTICES UNDER BUS. & PROF. CODE SECTION 17200;<br>3. VIOLATION OF FEDERAL FAIR CREDIT REPORTING ACT.<br><br>**INDIVIDUAL AND CLASS ALLEGATIONS.**<br><br>**JURY TRIAL DEMANDED.** |

Plaintiff alleges:

1. Plaintiff FRANCES CAMPBELL is an Individual, residing in the city of Encino, County of Los Angeles. Ms. CAMPBELL alleges this complaint on her

own behalf and, in the third cause of action, on behalf of the identified class of plaintiffs

2. Defendant ANNIEMAC HOME MORTGAGE ("ANNIEMAC") is a business entity, form unknown, doing business in the County of Los Angeles, State of California as a Home Loan Mortgage company.

3. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendants sued herein as Does 1 through 10, inclusive, under the provisions of <u>Section 474 of the California Code of Civil Procedure.</u> Plaintiff is informed and believes and on that basis alleges that Defendants Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions as officers, directors or managing agents of Defendants or as its agents, servants, employees and/or joint venturers and as set forth in this complaint, and that each of them are legally liable to Plaintiff, as set forth below and herein:

a) Said Officers, directors or managing agents of Defendants personally acted with oppression, fraud or malice with respect to the matters alleged in this complaint;

b) Said officers, directors or managing agents of Defendants personally authorized, approved of, adopted and/or ratified the acts alleged herein or the agents, servants, employees and/or joint venturers of Defendants did so act;

c) Said officers, directors or managing agents of Defendants personally participated in the acts alleged herein of Defendants;

d) Said Officers, directors or managing agents of Defendants personally had close supervision of their agents, servants, employees and/or joint venturers of Defendants;

e) Said Officers, directors or managing agents of Defendants personally were familiar with the facts regarding the matters alleged herein;

f) Said Officers, directors or managing agents of Defendants personally failed to investigate the circumstances appertaining to the acts alleged herein. They also failed and refused to repudiate the herein alleged actions and failed to redress the harm done to Plaintiff. Further, said Officers, directors, or managing agents of Defendants failed and refused to punish or discharge the said agents, servants, employees and/or joint venturers of Defendants, even after learning of the acts of the agents, servants, employees and/or joint venturers of Defendants. Plaintiff will seek leave to amend this complaint to set forth the true names and capacities of said fictitiously named Defendants as enumerated above, together with appropriate charging allegations, when learned.

4. Plaintiff is informed and believes, and thereon alleges that at all relevant times herein each Defendant, whether actually or fictitiously named, was the principal, joint venturer, agent, servant or employee of each other Defendant, and in acting as such within the course, scope and authority of such relationship, took some part in the acts and omissions hereinafter set forth, by reason of which each Defendant is liable to Plaintiffs for the relief prayed for in this complaint, and any future amended complaint. Further, Plaintiff alleges that each act alleged herein, whether by a named Defendants or fictitiously named Defendants or otherwise, was expressly authorized or ratified, as these terms are used in California Civil Code Section 3294(b), by each and every other Defendant herein, whether named or fictitiously named.

### FIRST CAUSE OF ACTION

### [VIOLATION OF THE FAIR CREDIT REPORTING ACT

### AGAINST ALL DEFENDANTS]

5. Plaintiff incorporates by reference paragraphs 1 through 4 as though fully stated herein.

6. On or about early October 2016, Plaintiff was interested in a 90% LTV HELOC product (not to refinance). Plaintiff submitted her name but not her social security number to Lending Tree. The very next day she received an email from Linda Foster with ANNIMAC, who indicated she received Plaintiff's inquiry on Lending Tree about mortgage services, and as a preferred partner with Lending Tree she wanted to reach out to Plaintiff to offer their services. Next Plaintiff received a telephone call from Katina Gray, Loan Officer at ANNIEMAC. Plaintiff explained that she only wanted information on an LTV HELOC product, she was not interested in refinancing. Plaintiff wanted to make sure they offered the product she was seeking and wanted an idea of her chance of approval. She asked Katina if they offered the LTV HELOC product but Katina Gray wasn't certain if ANNIEMAC offered that particular product or not. Ms. Gray promised to inquire and get back to Plaintiff. Ms. Gray's promise was only to see if ANNIEMAC offered the particular mortgage product in which plaintiff was interested. Ms. Gray never indicated that she would pull plaintiff's credit or otherwise start the application process. The next day, Plaintiff discovered an unauthorized hard pull on her credit profile by ANNIMAC.

7. Plaintiff contacted Ms. Gray stating she did not authorize the hard pull and asked Ms. Gray to remove it.

8. On November 2, 2016, Ms. Gray promised to look into the steps needed to get the hard inquiry removed, but never did. The hard inquiry has remained on plaintiff's credit report.

9. By the conduct alleged above, defendants willfully, and through the use of false pretenses, obtained Plaintiff's credit report without any permissible purpose in violation of the Fair Credit Reporting Act, Sections 1681b and 1681q.

10. As a direct result of Defendants' conduct Plaintiff has suffered emotional distress, humiliation and embarrassment. Plaintiff is thus entitled to both general

and special damages according to proof.

11. As alleged in the previous cause of action, Defendants' conduct was fraudulent, malicious, oppressive and willful, rendering them liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. §1681(n) and §1681(o).

12. Plaintiff is entitled to recover costs and attorney fees from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681(n) and §1681(o).

13. ***Spokeo Concreteness Allegations:*** the sanctity and privacy of consumer credit reports is specifically protected by the Fair Credit Reporting Act, and violations of the cited sections have been identified by Congress and by the courts as concrete injuries.  Further, defendants' conduct has caused plaintiff emotional distress, humiliation and embarrassment, and apprehension that her most private financial information is now in the hands of persons she does not know and has never authorized to have her credit information.  Finally, "hard inquiries" routinely depress credit scores from 5 to 50 points, depending on the credit scoring model, thereby depressing plaintiff's ability to obtain credit and also making her credit score more vulnerable to future adverse credit events.

## SECOND CAUSE OF ACTION
## [INVASION OF PRIVACY
## AGAINST ALL DEFENDANTS]

14. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

15. Defendants' intentional and deliberate conduct resulted in an unreasonable and unwarranted intrusion upon Plaintiff's right to seclusion concerning her private and confidential credit report and matters contained therein and thus constitutes an invasion of his privacy.

16. Defendants' conduct resulted in access to and publication of Plaintiff's private information which was highly offensive to Plaintiff, and the information accessed and published was not of legitimate concern to the defendants or to the persons to whom the information was published.

17. Defendants' conduct has caused Plaintiff severe emotional distress, embarrassment, mental anguish and humiliation, as well as a depressed credit score.

18. Defendants' conduct was undertaken with fraud, oppression and/or malice towards plaintiff. Specifically, defendants, and each of them, obtained plaintiff's private information, including his social security number, under false pretenses, and pulled plaintiff's credit report without his permission or consent. In addition to general and special damages according to proof, plaintiff seeks punitive damages against defendants ANNIEMAC and DOES 1-10, Inclusive.

## THIRD CAUSE OF ACTION
## [VIOLATION OF BUSINESS AND PROFESSIONS CODE § 17200 AGAINST ALL DEFENDANTS AND REQUEST FOR INJUNCTIVE RELIEF—INDIVIDUAL AND CLASS ALLEGATIONS]

19. Plaintiff re-alleges and incorporates all preceding paragraphs as though set forth in full in this cause of action.

20. Plaintiff alleges that defendants' business model entails its telephone solicitors subjected to unrealistic high-pressure sales quotas, resulting in little or no compliance with the Fair Credit Reporting Act or other associated consumer protection provisions. Defendants' policies on pulling consumer credit reports upon any contact from a consumer, regardless of whether the consumer consents to such access or initiates a consumer credit transaction, are either non-existent or

poorly enforced, given the high-pressure quotas being applied to the telephone solicitors. The telephone solicitors themselves do not receive adequate training on FCRA compliance.

21. Defendants' business model seeks access to consumer credit reports to see which consumers can be sold on its products, as quickly as possible, so the telephone solicitors and salespersons can meet their unrealistic high-pressure sales quotas.

22. This pattern of quick and potentially unauthorized access to consumer credit reports creates dangers for the consumers involved, including but not limited to unauthorized and fraudulent access in violation of the Fair Credit Reporting Act, depressed credit scores and invasions of consumer privacy.

23. Plaintiff identifies the class of affected consumers as follows: consumers located in California who, within the last two years, had ANNIEMAC MORTGAGE access their credit reports without first initiating a loan application and without signing any written authorization permitting defendants to pull such consumers' credit reports. Defendants will undoubtedly produce computerized notes, some of which have likely been manufactured after the fact, showing a verbal authorization from consumers for pulling their credit reports, but such documentation would be suspect at best. The better solution would be to require either signed written authorization or a signed loan application, showing that in fact the consumer consented to have his or her credit pulled.

24. Plaintiff, on behalf of herself and the class, seeks the following relief: an injunction which mandates that ANNIEMAC MORTGAGE not pull consumer credit reports for California consumers unless it first receives either a signed loan application or a written authorization from the consumer.

25. In addition to the specified injunctive relief, plaintiff seeks an assessment of attorney's fees and costs, in the discretion of the court, as well as restitution as the court may direct.

WHEREFORE, Plaintiff prays for judgment as follows:

1. For general and special damages according to proof at trial;

2. For those causes of action where punitive damages have been alleged, for punitive damages against defendants according to proof at trial and, for the Fair Credit cause of action, using the willfulness standard as specified in the Fair Credit Reporting Act;

3. For attorney's fees where authorized by statute or law;

4. For costs of suit;

5. For civil penalties and such other penalties as authorized by statute;

6. For injunctive relief where specified;

7. For an order that the defendants disgorge all profits gained from this and similar activities; and,

8. For such other relief as the court deems just and proper.

PLAINTIFF DEMANDS A JURY TRIAL.

Dated: November 28, 2016

LAW OFFICES OF ROBERT F. BRENNAN APC


By:___/S/ ROBERT F. BRENNAN_
Robert F. Brennan
Attorney for Plaintiff